TUCKER ELLIS & WEST LLP
Mollie F. Benedict SBN 187084
mollie.benedict@tuckerellis.com
Matthew I. Kaplan SBN 177242
matthew.kaplan@tuckerellis.com
William H. Dance SBN 230041
william.dance@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendants JOHNSON & JOHNSON and MCNEIL NUTRITIONALS, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT REID, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHNSON & JOHNSON, AND MCNEIL NUTRITIONALS, LLC,**<br><br>Defendants. | Case No. 11CV1310 L (BLM)<br>Pleading Type: Class Action<br><br>**UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 14, 2011 ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER WITH MODIFICATIONS** |

Defendants Johnson & Johnson and McNeil Nutritionals, LLC ("Defendants") request that the Court issue an order clarifying that Plaintiff, Robert Reid, on behalf of himself and all others similarly situated ("Plaintiff") shall be prohibited from the unauthorized use or dissemination of Defendants' confidential business information indefinitely following the termination of this litigation. Defendants also request that the Court clarify that they need not initiate separate legal proceedings to seek enforcement of the order after the passage of one year, but can apply to the Court to exercise its ancillary jurisdiction to enforce the terms of the order more than one year after this action terminates. Plaintiff has agreed not to oppose this motion.

On November 11, 2011, the parties filed a Joint Motion for a Protective Order ("the Motion"). On November 14, 2011, this Court issued its Order Granting Joint Motion for Protective Order with

UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 14, 2011 ORDER
LaImanage 749625.1

Modifications ("the Order").  In the Order, the Court modified two paragraphs of the Motion.  In particular, the Court modified Paragraph 23 of the Motion as follows:

> If this action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction *over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order for one year following termination of this litigation*.

Defendants request the following clarifications of the Court's Order:

1. **Duration of Protection Afforded to "Confidential" and "Highly Confidential" Documents.**  The information and documents that are the subject of the Order contain confidential and sensitive information about Defendants' business activities to which Plaintiff and third parties would not otherwise have access, including but not limited to information regarding their products, research and development activities, forward and/or backward-looking plans and strategies, analyses of competitive markets, and marketing strategies.  The information and documents that are the subject of the Order will be no less commercially sensitive following the termination of the litigation.  Defendants recognize it is unlikely the Court intended to limit the time the Order remains in effect and may have intended to place a comma or period after the word "conclusion" in the sentence referenced above.  Accordingly, Defendants seek clarification that the Order prohibiting the unauthorized use or dissemination of confidential information shall remain in full force and effect indefinitely.

2. **Exercise of Ancillary Jurisdiction to Enforce the Order.**  Defendants also request that the Court clarify that the parties may seek enforcement of the Order directly with the Court more than one year after the action terminates.  Should anyone engage in the unauthorized use or dissemination of Defendants' confidential business and commercial information any party may seek relief from this Court by application that it exercise its ancillary jurisdiction to enforce the Order.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81 (1994) (stating that a court has ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees" and thus has ancillary jurisdiction to enforce a settlement agreement incorporated in a court order because "breach of the agreement would be a breach of the order").

UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 14, 2011 ORDER
LaImanage 749625.1

Dated: November 23, 2011                TUCKER ELLIS & WEST LLP


By: <u>/s/Mollie F. Benedict</u>
Attorneys for Defendants
JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC

UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 14, 2011 ORDER

LaImanage 749625.1