UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT REID, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>    Defendants. | Case No. 11cv1310-L (BLM)<br><br>**ORDER CLARIFYING THE COURT'S NOVEMBER 14, 2011 ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>[ECF No. 29] |

On November 23, 2011, Defendants filed an unopposed motion for clarification of the Court's November 14, 2011 Order granting joint motion for a protective order with modifications. ECF No. 29. In the November 14, 2011 order, the Court modified paragraph 23 of the Protective Order as follows:

> Paragraph 23 should read: "If this action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction **over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order for one year following termination of this litigation**. In such a case, all materials (including copies) containing information designated as "Confidential" of "Highly Confidential" shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: Within 30 days after final termination of this Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties. Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

ECF No. 28.

Defendants seek clarification of two issues.  First, Defendants are concerned with the duration of the protection afforded to "Confidential" and "Highly Confidential" documents.  ECF No. 29 at 2.  Specifically, Defendants want to know if the information and documents that are subject to the Protective Order will be protected indefinitely under that Order.  Id.  Second, Defendants want to know if the parties will be able seek enforcement of the Protective Order directly with this Court more than one year after the action terminates.  Id.  Defendants state that Plaintiff does not oppose this motion.  Id. at 1.

### 1. Documents subject to the protective order

The information and documents that are subject to the Protective Order will be protected indefinitely under the terms of the Protective Order.

### 2. Enforcement of the protective order

The parties will not be able to seek enforcement of the Protective Order with this Court more than one year after the action terminates.  Defendants cite to Kokkone v. Guardian Life Ins. Co., 511 U.S. 375, 380-381 (1994) in support of the proposition that they may seek relief from this Court at any time  "should anyone engage in the unauthorized use or dissemination of Defendants' confidential business and commercial information."  ECF No. 29 at 2.  In Kokkonen, the parties (1) settled their case, (2) executed a stipulation and order of dismissal with prejudice (which did not refer to the settlement agreement or reserve District Court jurisdiction for enforcement), and (3) later had a dispute about the parties' obligations under the settlement agreement.  Kokkone, 511 U.S. at 376.  Respondent filed a motion to enforce the settlement agreement and petitioner opposed claiming that the court lacked subject matter jurisdiction.  Id.  The Court found that the federal district court lacked jurisdiction over the claim for breach of contract and that no ancillary jurisdiction existed.  Id. at 380.  However, the Court stated that the parties could have provided for the district court's enforcement of the settlement agreement if they so wished.  Id. at 381.   Under Fed. R. Civ. P. 41, with the consent of the parties, the district court could have made retention of jurisdiction over the settlement agreement part of its dismissal order, in which case ancillary

jurisdiction to enforce the agreement would have existed. Id. at 381. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382.

Here, the Court is exercising its discretion to limit the length of time it will retain ancillary jurisdiction to one year after the termination of the action. ECF No. 28. The Court is under no obligation to retain jurisdiction over the parties' agreement indefinitely and finds it inappropriate to do so in this case. See Moore v. Gilead Sciences, Inc., 2011 WL 5572975, * 2 (N.D.Cal., Nov. 16, 2011) (stating that the Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required") (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) ("[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.")). If the parties find it necessary to seek enforcement of the protective order more than one year after termination of the action, they will have to file an appropriate new action.

**IT IS SO ORDERED**.

DATED:  December 1, 2011

_____
BARBARA L. MAJOR
United States Magistrate Judge